**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANTONIO PAVIESE TOWNSEND                                                                PLAINTIFF

V.                                      NO: 5:08CV00260 JMM/HDY

ERNEST GOLDEN *et al.*                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on September 22, 2008. On January 16, 2009, Defendant Ernest Golden, administrator of the Arkansas County Detention Center, filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #20-#22).[1]  Although Plaintiff has been granted additional time to respond (docket entry #23), he has failed to do so.

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1]Golden is the only remaining Defendant, as Plaintiff's claims against former Defendants J.W. Green, Vickie Maxwell, and S. Sandine have already been dismissed (docket entry #7).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff was sent to the Arkansas County Detention Center on April 15, 2008, after being involved in an automobile accident on March 12, 2008. Plaintiff was sentenced to serve time at the detention center because of charges he received in connection with the accident (docket entry #22).[2] Plaintiff arrived with an avulsion fracture of his shoulder, having been seen at the University of Arkansas for Medical Sciences on March 25, 2008. Plaintiff asserts that, despite the injury, he was not taken for appropriate treatment, but just given pain relievers by a family practice physician. Plaintiff further contends that the medications make him sick. Plaintiff also challenges the conditions of his cell, alleging that the air conditioning malfunctioned, that the cell was infested with bugs, and that he was bitten by an unknown insect, or possibly a spider, but could not get medical attention for the bite. Finally, Plaintiff complains that the facility has no tuberculosis lights.

Plaintiff's primary complaint is that his shoulder was not adequately treated. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had

---

[2]The facts set forth in Defendant's statement of undisputed facts are deemed admitted due to Plaintiff's failure to contest them. *See* Local Rule 56.1(c).

3

objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Plaintiff began filing grievances concerning his shoulder as early as April 16, 2008, when he claimed that he had none of his medication, and needed to see a doctor. At that time, Plaintiff was advised to have his family bring his medications to him. Plaintiff continued to file grievances, and was sent to see a physician multiple times from late April of 2008 to October of 2008 (docket entry #21, exhibit D). In August of 2008, Plaintiff requested work as a trusty, and stated that his shoulder had been "slacking up a little" (docket entry #21, exhibit C, page #44). However, in September, Plaintiff claimed that he slipped in the shower and re-injured the shoulder (docket entry #21, exhibit C, page #50). Plaintiff was released from the Detention Center in December of 2008 (docket entry #22). Although Plaintiff may not have agreed with the treatment he received, it is clear that Defendant did not deliberately disregard a serious medical need. Plaintiff was sent to a physician multiple times, and received his prescribed medication (docket entry #21, exhibit E). No genuine issues of material fact remain regarding Plaintiff's medical treatment claim and Defendant is entitled to entry of judgment as a matter of law dismissing this claim.

Plaintiff also contests the conditions of his confinement, in that the air conditioning apparently malfunctioned, and he was bitten by a spider. To prevail on a condition-of-confinement

claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety.  *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).  A grievance response indicates that jail officials were working to obtain a part to fix the air conditioning, and not ignoring the problem (docket entry #21, exhibit C, page #20).  With respect to Plaintiff's spider bite, the Court notes that there is no evidence that Plaintiff complained of exposure to spiders before the bite, and that Defendant thereafter ignored a dangerous situation.  Plaintiff has made no claims that the lack of tuberculosis lights had any detrimental effect on his health.  Therefore, Defendant did not deprive Plaintiff of the minimal civilized measure of life's necessities, or expose him to a condition that constituted a substantial risk of harm, and he was not deliberately indifferent to his health or safety.  No genuine issues of material fact remain regarding Plaintiff's conditions of confinement claim and Defendant is entitled to entry of judgment as a matter of law dismissing this claim as well.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Ernest Golden's motion for summary judgment (docket entry #20), be GRANTED and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   20   day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE